## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 24-CR-052-SEH** |
| **JASON NATHANIEL DAUGHERTY,** | |
| **Defendant.** | |

### Memorandum Opinion and Order
### Granting in Part and Denying in Part Motion for Protective Order

Before the Court is the United States' Opposed Motion for a Protective Order [ECF No. 17.] For the following reasons, the United States' Motion is granted in part as to two items: (1) the victim's medical records; and (2) body camera footage showing the moments leading up to and immediately following the victim's death on March 25, 2023. The United States' motion is otherwise denied, and the Defendant's medical records, body camera footage outside what is described above, and other discovery materials produced by the Government are not subject to a protective order. Defense counsel remains required, however, to redact personal identifying information from any discovery that contains this information.

### Background

On February 20, 2024, a grand jury returned an indictment charging the Defendant with one count of Involuntary Manslaughter in Indian Country pursuant to 18 U.S.C. §§ 1151, 1153, and 1112(a). [ECF No. 2.] According to the indictment, the Defendant, an Indian within Indian Country, drove with a blood alcohol content of .081, and while driving with such blood alcohol content, drove his vehicle left of the center of the roadway, thus killing another person. *Id.*

On March 5, 2024, the Government filed the instant motion, [ECF No. 17,] for a protective order. In its motion, the Government requests a protective order "for all discovery," but specifically identifies three broad categories of discovery it seeks to protect: (1) body camera footage, including depictions of the victim's injuries and personal identifying information; (2) the Defendant's and victim's medical records; and (3) grand jury materials, including investigative materials obtained through grand jury subpoena. *Id*. at 3. At the hearing held on March 14, 2023, the Government further narrowed its request to three specific classes of discovery: (1) the victim's medical records; (2) body camera footage of the victim in the moments after the accident, including footage of the victim after her death; and (3) other information that may include personally identifiable information. The Government argues that the victim has a privacy interest regarding her medical records and as to the body camera footage showing the moments of stress and fear that she may have experienced after the accident and before her death.

The Government argues that the protective order should prohibit the "defense team" from disseminating information to anyone except for the defendant, defendant's attorney(s) of record in this case, anticipated witnesses, and those persons employed by the attorney who are necessary to assist counsel of record in preparation for trial. [ECF No. 17 at. 4.] The Government also wants to restrict the defense team's ability to make copies of discovery for individuals outside the team's control and authority, which would also exclude the defendant from having copies of certain materials subject to the protective order. *Id.*

Defendant objects to the entry of any protective order [ECF No. 24,] arguing that the government cannot show good cause that is particularized or specific enough to justify any protective order. *Id*. at 4-5. Defendant argues that the overbroad protective order sought by the Government would "thwart Mr. Daugherty's right to participate in his own defense, a necessity to

effective assistance of counsel." *Id.* at 5. Defense Counsel has also offered to bear the burden of redacting personal identifying information. *Id*.

<u>**Analysis**</u>

FED. R. CRIM. P. 16(d)(1) states that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." There is not a dispute in this case over whether the Defendant is entitled to the information that the government possesses; instead, the dispute is whether the Government is entitled to a protective order that would limit how the Defendant is permitted to view and utilize such discovery. To issue the protective order, the Court must find that there is good cause to issue such an order. Good cause "ordinarily requires a particularized and specific showing of harm." *United States v. Aguirre-Diaz*, No. 18-CR-0171-004-CVE, 2019 WL 669566, at *2 (N.D. Okla. Feb. 15, 2019) (denying objections to orders of magistrate judge imposing protective order); *United States v. Tsethlikai*, No. 18-cr-1392-WJ, 2018 WL 3801248, at *2 (D.N.M. Aug. 9, 2018) (citing *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005) for the proposition that good cause exists when a party will receive a "clearly defined, specific, and serious injury"); *see also U.S. v. Stone*, No. 10–20123, 2012 WL 137746, at *3 (E.D. Mich. Jan. 18, 2012) ("Protective orders are the exception, not the rule, and appropriate reasons must be given for their entry.) (denying the Government's motion for protective order regarding use and disclosure by defendants of Jencks and *Giglio* material).

## 1.    <u>**Grand Jury Materials**</u>

As to grand jury materials, these materials are generally subject to the rule of secrecy. FED. R. CRIM. P. 6(e). Of course, however, "the Government may be required to disclose certain statements, including those made during grand jury testimony, pursuant to the Jencks Act, 18 U.S.C. § 3500, or statements subject to disclosure under *United States v. Brady*, 373 U.S. 83

3

(1963)." *United States v. Lowe*, No. 20-cr-326-WJM, 2021 WL 5200211, at *2 (D. Colo. Nov. 9, 2021). Courts have also encouraged agreements between parties, as generally appears to be the case here, that "provide for pretrial disclosure of Jencks material." *United States v. Wright*, No. No. 00–4024–01/25–SAC, 2001 WL 523394, at *11-12 (D. Kan. Apr. 26, 2001).

In support of its position regarding grand jury materials, the Government says: "Due to the sensitive and/or protected nature of this evidence and because much of the discovery, such as the video recordings, cannot be readily redacted to address these privacy concerns, the government requests a Discovery Protective Order for the discovery in this case, including any grand jury materials protected under Fed. R. Crim. P. Rule 6(e)." [ECF No. 17 at 3.] The Government's written and oral arguments and representations regarding grand jury materials do not provide the Court with sufficient information to enter a protective order under FED. R. CRIM. P. 16(d)(1).

## 2.    Medical Records and Sensitive Video Footage

As to the victim's medical records and the body camera footage showing the last minutes of her life, the Government has shown good cause to enter a protective order. Courts regularly issue protective orders regarding non-party medical records. *United States v. Tsethlikai*, No. 18-cr-1392-WJ, 2018 WL 3801248, at *2 (D.N.M. Aug. 9, 2018). The victim's interests are also at stake. The Crime Victim's Rights Act entitles the victim to "[t]he right to be treated with fairness and with respect for [her] dignity and privacy." 18 U.S.C. § 3771(a)(8).

The Government requests that the information it intends to produce includes "sensitive images of the decedent while she is alive trapped inside her vehicle before she ultimately died from her injuries" and medical records that could include "graphic depictions in photographs." [ECF No. 17 at 3.] The victim in this case is unable to speak on her own behalf about the matter, but the threat identified by the government is sufficiently specific to justify a limited protective

4

order in this case. The Defendant is entitled to review the victim's medical records in the Government's possession and has a right to view the body camera footage of the victim's last minutes of life and her death, but subject to a protective order that prevents such information from being disseminated beyond what is necessary for the Defendant to investigate and defend his case.

## Conclusion

IT IS HEREBY ORDERED that the United States' Opposed Motion for Protective Order Regarding Discovery, [ECF No. 17,] is GRANTED as to the victim's medical records and the body camera footage showing the victim after the accident in the moments leading up to and immediately following her death on March 25, 2023, but the remainder of the motion is DENIED.

IT IS FURTHER ORDERED that the United States' attorneys are protected if they disclose to Defendant and/or his attorneys, prior to trial, all discovery, including but not limited to the grand jury materials and audio and video recordings, which must be disclosed under normal circumstances pursuant to the dictates of: the Jencks Act, 18 U.S.C. § 3500; FED. R. CRIM. P. 16; and *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Giglio*, 405 U.S. 150 (1972).

IT IS FURTHER ORDERED that the Parties shall confer and submit a proposed protective order consistent with this opinion no later than March 29, 2024. The proposed order shall be submitted via email to the Court's inbox at SEHIntake_OKND@oknd.uscourts.gov.

IT IS FURTHER ORDERED that this Order is without prejudice to either the United States or Defendant to file a subsequent motion for protective order containing sufficient information that would allow the Court to enter a protective order under FED. R. CRIM. P. 16.

DATED this 19th day of March, 2024.

SARA E. HILL
UNITED STATES DISTRICT JUDGE